UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RICHARD EUGENE EVERIDGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 09-45-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| IROTAS MANUFACTURING CO., LLC | ) | **MEMORANDUM OPINION** |
| 401(k) Profit Sharing Plan, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiffs' motion for summary judgment with respect to the claims asserted against Defendants William Kiser and Sue Kiser. [Record No. 44] During the hearing held in this matter on June 8, 2010, the Court advised the Defendants of the importance of responding to the Plaintiffs' motion within the time permitted by the Local Rules. However, as of this date, the Defendants have failed to submit a response to the motion which was filed June 4, 2010. Having reviewed the Plaintiffs' motion, the Court concludes that the Plaintiffs are entitled to a portion of the relief being sought.

**I.**

Plaintiffs Richard Everidge, Morris Stivers, and Carl Tingle, Jr. were employed previously by Defendant Irotas Manufacturing LLC ("Irotas"), a limited liability company owed by Defendants William Kiser and Sue Kiser. At times relevant to this proceeding, the Kisers

were administrators and trustees of a 401(k) profit sharing plan established by Irotas. The Plaintiffs and others were beneficiaries of that plan.

On September 24, 2009, the Plaintiffs instituted this action under 29 U.S.C. § 1001 *et seq.* (the Employee Retirement Income Security Act, or "ERISA") against Irotas and the Kisers after the Kisers failed and refused to pay the profit sharing benefits due them following termination of the profit sharing plan. [Record No. 1] The Defendants filed an Answer to the Complaint on October 19, 2009, which generally denied the substantive allegations. [Record No. 8]

At the Plaintiffs' request, a scheduling conference was held on January 4, 2010. In light of the possibility of settlement, the Court held the case in abeyance for a period of sixty days. However, the parties were unable to resolve the matter and a Scheduling Order was entered on March 3, 2010. Shortly thereafter, the Plaintiffs amended their Complaint and moved the Court to remove the Kisers as fiduciaries of the Irotas profit sharing plan. [Record Nos. 27 & 28] The motion to amend was filed for the purpose of adding as additional Plaintiffs Marc Maxwell, Michael Fletcher, Robert Grubbs, Henry Jones, Ben Taylor and Tim Heun. The motion to amend was granted and the Plaintiffs' amended complaint was filed on April 26, 2010. [Record No. 31] Neither the original Complaint nor the Amended Complaint lists specific amounts due to the individual Plaintiffs from the plan.

The motion to remove the Kisers as fiduciaries of the plan was filed after the Plaintiffs learned that the Kisers had withdrawn a substantial portion of the plan funds and used the proceeds as their own. During a hearing held on May 18, 2010, the Court granted the relief

requested by the Plaintiffs. [Record No. 38]  The Defendants were also directed to respond to the Plaintiffs' outstanding discovery requests by no later that May 21, 2010.[1]

Several days before a hearing held on June 8, 2010, the Plaintiffs filed their motion for summary judgment with respect to the claims asserted against the Kisers.  Through this motion, the Plaintiffs asserted that bank records produced during discovery conclusively establish that the Kisers had withdrawn approximately $487,000 in plan funds and use the funds for personal and other expenses.  While the Kisers sought to describe the withdrawal as "loans," the Plaintiffs pointed out that such would be a prohibited transaction under the relevant sections of ERISA. [Record No. 44]  During the June 8th hearing, the Kisers were advised of the necessity of filing a timely response to the Plaintiffs' motion.  However, as noted previously, no such response has been filed.  Accordingly, the Court will proceed to evaluate the Plaintiffs' motion without the benefit of a response.

## II.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  That is, the determination must be "whether the evidence presents a sufficient disagreement to require

---

[1]     On June 3, 2010, the Defendants' attorneys moved to withdraw from further representation in the case. [Record No. 42]  That motion was sustained during a hearing held on June 8, 2010.  [Record No. 47]

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once a moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those materials in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Additionally, a federal court sitting in diversity must apply the law of the forum state of the claims asserted. *Lukowski v. CSX Transp., Inc.*, 416 F.3d 478, 484 (6th Cir. 2005).

The Plaintiffs' motion and supporting materials demonstrates that the Kisers engaged in several prohibited transactions. Under ERISA, a fiduciary may not withdraw plan funds under the guise of a personal loan. With respect to this issue, 29 U.S.C. § 1106(a) provides:

> (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should have known that such transaction constitutes a direct or indirect –
>
> ** ** **

(B) lending of money or other extension of credit between the plan and a party in interest.

**       **       **

(D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan;

29 U.S.C. § 1106(a)(1)(B), (D).  Further, the Kisers were clearly "parties in interest" as that term is defined in 29 U.S.C. § 1002(14)(a).

In violation of these statutory limitations, the Kisers have admitted that they "borrowed" money from the plan on the following dates:

| | |
|---|---|
| June 17, 2008 | $ 129,376.90 |
| July 9, 2008 | $ 127,761.18 |
| July 25, 2008 | $   60,000.00 |
| July 31, 2008 | $   60,000.00 |
| August 14, 2008 | $ 110,000.00 |

[Record No. 44; Exhibit A]  Bank records produced by the Defendants indicate the sums withdrawn by the Kisers took the form of a wire transfer to an Irotas vendor, a cashier's check, cash, and withdrawals with the payees listed as William Kiser and Sue Kiser.  Under 29 U.S.C. §1109, the Kisers are personally liable as fiduciaries for these prohibited transactions.

## III.

The Plaintiffs have demonstrated that there are no material factual issues to be resolved with respect to their claim that Defendant William Kiser and Sue Kiser improperly removed $487,138.08 from the Irotas Profit Sharing Plan to which they have asserted an interest. However, under 29 U.S.C. § 1109, a fiduciary who breaches a duty is liable to the plan, not the individual beneficiaries.  *Walter v. International Ass'n of Machinists Pension Fund*, 949 F.2d 310 (10th Cir. 1991) (under section of ERISA governing breach of fiduciary duty, fiduciary who

breaches duty is liable to the plan but not to the individual beneficiaries); *Kessen v. Plumbers' Pension Fund, Local 130*, 877 F.Supp. 1198, 1205 (N.D. Ill., 1995) (under section of ERISA which makes fiduciaries personally liable for breach of duties imposed upon them, liability for breach of fiduciary duty runs only to the plan and not to individual participants or beneficiaries). A breach of a fiduciary duty claim puts money back into the plan. To get money out of the plan, a participant must make a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). *Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 920 (8th Cir. 1994). To be entitled to summary judgment on such a claim, a plaintiff must assert a proper claim under the correct statutory section and establish the amount owing to him under the plan.

Accordingly, it is hereby

**ORDERED** that the Plaintiffs' motion for summary judgment [Record No. 44] is **GRANTED**, in part. Defendants William Kiser and Sue Kiser are liable to the Irotas 401(k) Profit Sharing Plan the sum of $487,138.08. However, inasmuch as the Plaintiffs have not established the amount of their individual claims, the motion for summary judgment will be **DENIED** with respect to their request that judgment be entered in their favor against the Kisers in the sum of $487,000.00. This amount due and owing to the individual Plaintiffs cannot be determined at this time based on the information presented.

Likewise, the Plaintiffs' request that the Court's ruling be deemed final and appealable is **DENIED**. The Plaintiffs' request for an award of prejudgment interest, attorneys' fees and costs will be **DENIED**, without prejudice, as premature.

This 21st day of July, 2010.



Signed By:

*Danny C. Reeves*

United States District Judge