UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RICHARD EVERIDGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 09-45-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| IROTAS MANUFACTURING | ) | **MEMORANDUM OPINION** |
| CO., LLC, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion to Convert the Scheduled Jury Trial to a Status Conference. [Record No. 59] Plaintiffs assert that there are no triable issues before the Court and, therefore, no trial is needed. [*Id.*, ¶ 1] However, a triable issue remains as to the amount payable to each individual plaintiff. Accordingly, Plaintiffs' motion will be denied.

**I.**

The facts of this case are summarized in the Court's July 21, 2010 Memorandum Opinion and Order. [Record No. 51] In short, Plaintiffs brought this suit to recover money that was improperly removed from the 401(k) profit sharing plan of their employer — Irotas Manufacturing. In an earlier Memorandum Opinion and Order [Record No. 51], the Court granted partial summary judgment to the plaintiffs. The Court explained that, while it could find as a matter of law that the Kisers — the individuals who removed the money — were liable to the plan itself, it did not have sufficient information to determine the amount of damages owed

-1-

to each individual plaintiff. [*Id.*, p. 5–6] In view of that explanation, the Court denied Plaintiffs' request to enter judgment in favor of each individual plaintiff. [*Id.*, p. 6] No additional information has been provided to the Court to aide in determining the amount of Plaintiffs' individual claims.

**II.**

Section 409 of ERISA provides that a trustee is personally liable for losses "*to the plan.*" 29 U.S.C. § 1109(a) (codifying ERISA § 409) (emphasis added); *see also Ross v. Sawyer-Cleator Lumbur Co.*, 16 F.3d 915, 919 (8th Cir. 1994). As Court has previously explained, and here reiterates, "a fiduciary who breaches his fiduciary duty is liable to the plan — not the beneficiaries individually." *Walter v. International Ass'n of Machinists Pension Fund*, 949 F.2d 310, 317 (10th Cir. 1991); *see also Ross*, 16 F.3d at 920 n. 4. As a result of this rule, when the Court granted summary judgment on the plaintiffs' breach of fiduciary duty claim, it held the Kisers individually liable to the Irotas 401(k) Profit Sharing Plan in the amount of $487,138.08. [Record No. 51, p. 6]

Section 502(a)(1)(B) of ERISA permits an individual participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B) (codifying ERISA § 502(a)(1)(B)). The Court has not granted summary judgment on the plaintiffs' claims to the extent they arise under § 502(a)(1)(B). At this point, the Court has not been provided with evidence upon which it could make a determination how much to award each individual plaintiff. This remains a triable issue of fact. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Convert the Scheduled Jury Trial to a Status Conference [Record No. 59] is **DENIED**.

This 1st day of November, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge