UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RICHARD EVERIDGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 09-45-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| IROTAS MANUFACTURING CO., | ) | **MEMORANDUM OPINION** |
| LLC., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the Motion for Summary Judgment [Record No. 67] filed by Plaintiffs Richard Everidge, Michael Fletcher, Robert Grubbs, Tim Heun, Henry Jones, Dwayne Kelley, Marc Nathan Maxwell, Morris Stivers, Ben Taylor, and Carl Tingle (collectively the "Plaintiffs" or "Beneficiaries"). The Plaintiffs move the Court to award them benefits which they claim were denied by William and Sue Kiser, the plan administers of Irotas Manufacturing Co., LLC's employee profit sharing plan (the "Plan"). The Plaintiffs also seek an award of pre-judgment interest and attorney's fees. For the foregoing reasons, their motion will be granted, in part, and denied, in part.

**I.    Background**

The Plaintiffs are former employees of Irotas Manufacturing, a limited liability company owned by William and Sue Kiser. As employees, a portion of the Plaintiffs'

-1-

benefits came in the form of an employee profit-sharing plan. Contributions by the Kisers were not mandatory, but each year the company put money into the plan for the benefit of its employees. Until the time of this suit, the Kisers were administrators and trustees of the Plan.

On September 24, 2009, the Plaintiffs brought this action under 29 U.S.C. § 1001 *et seq.*, the Employee Retirement Income Security Act (hereafter, "ERISA"). They alleged that the Kisers: (1) breached their fiduciary duties by illegally borrowing money from the Plan; (2) improperly denied benefits to the Beneficiaries; and (3) withheld Plan information in violation of 29 U.S.C. §§ 1021, 1024, 1025. Through a prior Memorandum Opinion and Order entered July 21, 2010, the Court granted partial summary judgment to the Plaintiffs. In relevant part, the Court found that the Kisers had breached their fiduciary duties and were liable to the Plan in the amount of $487,138.08. [Record No. 51] The Court denied the Plaintiffs' request for individual awards because they had not established the amount owed to each individual.

On November 3, 2010, the Plaintiffs requested, and the Court granted, an extension to file an additional motion for summary judgment. [Record Nos. 63, 66] The Plaintiffs' motion provided the amount due to each individual plaintiff as of the Plan's most recent accounting statements in 2007. Plaintiffs asked to be awarded the amount due each individual along with pre-judgment interest and attorney's fees. The motion did not address the penalties for withholding information originally requested in Plaintiffs' First Amended Complaint.

**II. Analysis**

**A. Claims Under § 1132(a)(1)(B)**

Plaintiffs ask the Court to distribute Plan assets to individual beneficiaries. While the Court previously found that William and Sue Kiser breached their fiduciary duties by illegally borrowing Plan funds [Record No. 51], it does not necessarily follow that the Beneficiaries are entitled to individual distributions. Individual benefits are recovered through § 1132(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B) (allowing a beneficiary to make a claim "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); *Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 920 (8th Cir. 1994). Courts have consistently held that individual beneficiaries cannot recover benefits owed to them individually (a recovery under § 1132(a)(1)(B)) in suits for breach of fiduciary duty because breaches of fiduciary duty create liability to the *plan*, not to individual beneficiaries. *Heberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan*, 24 F.3d 1491, 1500 – 01 (3rd Cir. 1994) (explaining that a beneficiary "may not recover damages for breach of fiduciary duty under § 502(a)(1)(B)"); *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310 (10th Cir. 1991) (holding that under the section of ERISA governing breach of fiduciary duty, fiduciary who breaches duty is liable to the plan but not to individual beneficiaries). Therefore, when the Court granted summary judgment on the Plaintiffs' § 1109 claim (breach of fiduciary duty), the Kisers were held liable to the plan, not the individual beneficiaries. [Record No. 51, p. 6]

The Plaintiffs now move the Court to enter summary judgment on their claims under § 1132(a)(1)(B) and award them the individual benefits they claim to be owed. The Plaintiffs' motion for summary judgment set forth the amount due each individual, and supported each amount with documentary evidence. [*See* Record No. 64, exhibits 3–12] The defendants did not respond and did not contest the amounts. Accordingly, the Court finds there is no material issue of fact as to the "benefits due [each plaintiff] under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Under 29 U.S.C. § 1132(a)(1)(B), the Court finds the following individuals are entitled to the following amounts, to be paid from the assets of the Plan:

1. Richard Everidge: $ 9,036.00
2. Michael Fletcher: $ 4,990.00
3. Robert Grubbs: $ 7,813.00
4. Tim Huehn: $ 16,778.00
5. Henry Jones: $ 20,495.00
6. Dwayne Kelley: $ 25,087.00
7. Marc N. Maxwell: $ 1,352.00
8. Morris Stivers: $ 14,779.00
9. Ben Taylor: $ 78,376.00
10. Carl Tingle: $ 10,744.00

### B. Prejudgment Interest

The Plaintiffs also request an award of prejudgment interest. Because, however, ERISA does not specifically provide for prejudgment interest, so such awards are wholly within the discretion of the Court. *See Tiemeyer v. Community Mut. Ins. Co.*, 8 F.3d 1094, 1102 (6th Cir. 1993) ("Though ERISA does not address the propriety of awarding prejudgment interest, prejudgment interest may be awarded in the discretion of the district court.") In this particular case, the Beneficiaries are requesting prejudgment interest on the amounts due them under the terms of the plan. Such an award would further deplete the limited Plan assets and potentially prejudice the Plan beneficiaries who are not parties to this suit. *See Janeiro v. Urological Surgery Prof'l Ass'n*, 457 F.3d 130, 145 (1st Cir. 2006) (holding that when the benefits claim was "quite substantial in light of the total plan assets," the district court did not abuse its discretion in denying prejudgment interest on plaintiff's overdue benefits). Interest is "denied when its exaction would be inequitable." *Bd. of Comm'rs v. United States*, 308 U.S. 343, 352 (1939). In this case, individuals other than the Plaintiff-Beneficiaries in this suit are entitled to the Plan's assets. Therefore, the Court will deny the Plaintiffs' request for prejudgment interest, without prejudice, and allow the Plaintiffs to re-file their claim if they can show that the Plan has sufficient assets such that no other Plan beneficiaries would be prejudiced by the award.[1]

---

1  This ruling does not, however, preclude the award of prejudgment interest in a judgment against the Kisers for breach of fiduciary duty. It merely denies the use of plan assets to pay prejudgment interest to some beneficiaries to the detriment of others.

### C. Attorney's Fees

Although attorney's fees are explicitly addressed in ERISA, 29 U.S.C. § 1132(g), like prejudgment interest, such awards are within the discretion of the Court. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006). The Sixth Circuit utilizes a five-factor test to assess whether such fees are proper. The factors to consider are: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of the ERISA plan; and (5) the relative merits of the parties' positions. *See First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005). No individual factor is determinative, and so the Court must consider each in making its decision. *Schwartz v. Gergori*, 160 F.3d 1116, 1119 (6th Cir. 1998).

It is important to note when considering these factors that the Court is evaluating an award of fees on the Plaintiffs' § 1132(a)(1)(B) claim against the Plan itself, which is distinct from the Plaintiffs' previously resolved breach-of-fiduciary-duty claims against the Kisers. *See Heberern*, 24 F.3d at 1500–01 (explaining the distinction between § 1132(a)(1)(B) claims and claims for breach of fiduciary duty).[2] In this circumstance, the Court finds that the factors weigh against awarding attorney's fees out of the Plan's assets.

---

2     Like prejudgment interest, this ruling does not bar the Plaintiffs from seeking attorney's fees in a judgment against the Kisers for breach of fiduciary duty.

To begin, the second factor – ability to pay – strongly favors the Plan. The evidence shows that the Plan has limited assets, with a thus-far unknown number of potential claimants. Once the Beneficiaries receive the amounts due, the assets will be further depleted and the Court has concern whether the Plan will have sufficient assets to pay what others are owed. This concern also implicates the fourth factor (i.e., whether the suit benefits individuals or the Plan as a whole). While the Plaintiffs' breach-of-fiduciary-duty claim helped the plan as a whole, their § 1132(a)(1)(B) claims obviously benefit only particular participants. An award of attorney's fees from the Plan's assets actually harms other participants. These two factors weigh heavily against an award of attorney's fees out of Plan assets.

The Court does not find that either of the other three factors weigh sufficiently in the Plaintiffs' favor to outweigh these concerns. The Plan itself – as distinguished from the Kisers individually – is not guilty of a high degree of culpability, it merely failed to pay benefits it did not have the assets to pay. There is not a strong likelihood of deterrence for others similarly situated. Finally, while the Plaintiffs' position had sufficient merit to entitle them to summary judgment, this factor alone does not justify an award of attorney's fees. Altogether, an award of attorney's fees out of Plan assets would be inequitable, and the Plaintiffs' motion will be denied, without prejudice to them re-filing the request if they can show that other plan beneficiaries will not be harmed by the award.

### D. Remaining Claims

The Plaintiffs alleged claims in their First Amended Complaint [Record No. 31] that have not been addressed by parties at this point in the litigation. Specifically, the Plaintiffs alleged that the Kisers, as plan administrators, withheld Plan information in violation of 29 U.S.C. §§ 1021, 1024, 1025. Such violations would entitle the Plaintiffs to a statutory penalty of $100 for every day the information was withheld, pursuant to 29 U.S.C. § 1132(c). These claims remain unresolved.

## III. Conclusion

The Plaintiffs have shown that there is no genuine issue of material fact as to the amounts owed each individual under the terms of the Plan. Therefore, the amounts requested will be awarded. However, the Plaintiffs have failed to show that the award of either prejudgment interest or attorney's fees out of Plan assets would be equitable. Finally, Plaintiffs have failed to allege sufficient evidence to resolve their statutory claims for withholding Plan information. Accordingly, it is hereby

**ORDERED** as follows:

(1) The Plaintiffs' Motion for Summary Judgment [Record No. 67] is **GRANTED** with respect to Plaintiffs' claims under 29 U.S.C. § 1132(a)(1)(B) for individual amounts due under the Plan. The motion is **DENIED**, without prejudice, with respect to Plaintiffs' claims for prejudgment interest, Plaintiffs' claim for attorney's fees, and any remaining claims.

(2) The trial previously scheduled for Tuesday, December 28, 2010, is **VACATED** and **SET ASIDE**.

(3) The Court will hold a Scheduling Conference on **Tuesday, December 28, 2010**, beginning at **10:00 a.m.**, at the United Stated District Courthouse in Frankfort, Kentucky to address all remaining claims.

(4) The Plaintiffs' motion for an extension of time [Record No. 68] is **DENIED**, as moot.

This 17th day of December, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge